
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4223 | DATE | 1/17/2001 |
| CASE TITLE | Al A. Pruess vs. Dominick's Finer Food | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Dominick's motion to dismiss is denied. (13-1) Dominick's is to file an answer to Preus' Complaint on or before January 30, 2001. This action is set for a status hearing on February 14, 2001 at 9:00 a.m., before which date each party is ordered to provide the other with the initial disclosures that were specified in Fed. R. Ci. P. 26(a)(1) in its pre-December 1, 2000 version.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JAN 18 2001 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | kb | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING JAN 17 PM 1:37 | 1/17/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 8 2001

AL A. PREUS,                )
                            )
            Plaintiff,      )
                            )
v.                          )   No.  00 C 4223
                            )
DOMINICK'S FINER FOODS,     )
                            )
            Defendant.      )

MEMORANDUM OPINION AND ORDER

Dominick's Finer Foods ("Dominick's") has moved to dismiss the Complaint of Employment Discrimination brought against it by its ex-employee Al Preus ("Preus"), who originally filed his Complaint pro se but is now represented by appointed pro bono counsel Melanie Fairman. Dominick's urges that Preus' claim was untimely because he had not filed his EEOC charge within the 300-day time frame prescribed by 42 U.S.C. §2000e-5(b) after the alleged discrimination (in this instance, an asserted retaliatory discharge) took place. For the reason briefly stated in this memorandum opinion and order, Dominick's motion is denied.

It is quite true that Preus' employment was terminated on November 30, 1998 and that EEOC's typed-up Charge of Discrimination was not signed by Preus until December 17, 1999, well past the 300-day watershed. But attorney Fairman's able response to Dominick's motion has attached a photocopy of EEOC's Charge Questionnaire that Preus had filled out and signed "under penalty of perjury" on August 20, 1999, well within the

prescribed 300-day period. And that EEOC submission by Preus was followed promptly by EEOC's assignment of a number to that charge (No. 210994357) and by its September 15, 1999 transmittal of a Notice of Charge of Discrimination to Dominick's Director of Employee Relations Travis Clemens.

As appointed counsel Fairman has pointed out, in this Circuit that sequence of events fully satisfies the statutory 300-day requirement. That conclusion follows directly (actually a fortiori, given Preus' August 20, 1999 verification of his initial filing) from the per curiam decision in Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321 (7th Cir. 1991), where our Court of Appeals said in part (id. at 325, reconfirming its decision in Steffen v. Meridian Life Ins. Co., 859 F.2d 534 (7th Cir. 1988)):

> As in Steffen, however, the EEOC's inaction in completing and forwarding the formal charge in a timely fashion should not bar the plaintiff from proceeding on her Title VII claim. A contrary interpretation would effectively reduce the time period allowed by statute for the filing of Title VII claims, because a potential plaintiff would be forced to file a complaint very early in order to ensure that the formal charge would be prepared and signed within the 300 days. Finally, in Steffen the EEOC promised to treat the questionnaire as a charge but failed to do so; in this case, however, the EEOC did treat the questionnaire as a charge, and the employer was notified of the existence of the charge.[1]

---

[1] [Footnote by this Court] Although the situation in Philbin, where the initial intake questionnaire was not verified, has led some other courts (most recently Edelman v. Lynchburg Coll., 228 F.3d 503, 510-11 (4th Cir. 2000)) to differ with its

2

Because this Court must of course conform to our Court of Appeals' clear teaching, no useful purpose would be served by the scheduled January 30 filing of a reply memorandum by Dominick's. Instead its motion is denied, and it is ordered to file its answer to Preus' Complaint in this Court's chambers on or before that date. This action is set for a status hearing at 9 a.m. February 14, 2001, before which date each party is ordered to provide the other with the initial disclosures that were specified in Fed. R. Civ. P. 26(a)(1) in its pre-December 1, 2000 version.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 17, 2001

---

direct holding, those decisions have relied heavily on the fact that the intake questionnaires there were also not verified within the 300-day period. Here, however, Preus' Charge Questionnaire <u>was</u> sworn to less than 300 days after the allegedly discriminatory discharge.